IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ABASI OLIVER, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Case No.: SAG-22-1400 |
| | * |
| AMAZON.COM SERVICES LLC, | * |
| | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Abasi Oliver ("Plaintiff") filed this discrimination action against his former employer Amazon.com Services LLC ("Amazon"). ECF 4. Amazon removed the case to this Court and has filed a partial motion to dismiss, asserting that Plaintiff's religious accommodation claims must be dismissed because he failed to exhaust his administrative remedies before filing suit. ECF 7-1 at 2. For the reasons described below, Amazon's motion must be granted.

Plaintiff worked as a ramp agent for Amazon between April and November, 2020. ECF 4 ¶¶ 1, 6-7. On October 28, 2020, while driving a "K-Loader" in the course of his duties, Plaintiff caused a serious accident. *Id.* ¶¶ 14-15. Amazon then terminated his employment. *Id.* ¶ 18.

Plaintiff filed a charge with the EEOC in December, 2020, alleging that on October 28, 2020, he had been subject to discrimination on the basis of race, color, sex, religion, and retaliation. ECF 7-2. His EEOC charge, signed on January 11, 2021, specified that two female, non-Muslim employees, one of whom was white, had had similar infractions to his accident, but were not discharged. *Id.*

On December 8, 2020, Plaintiff also submitted a "Discrimination Complaint Form" which again listed the basis of discrimination as color, race, sex, religion, and retaliation. ECF 15-1 at 6. In listing the "issues" associated with his complaint, Plaintiff checked "discharge" and "working

conditions," and under "other," wrote "targeting, equipment failure and following supervisor order." *Id.* He again specified that the alleged discrimination took place on "Oct. 28, 2020." *Id.* at 7.

In a typed attachment to that filing, Plaintiff explained that the K-Loader had been identified as defective the week before. *Id.* at 9. On October 28, that K-Loader was the only one available and was continuing to malfunction, but when Plaintiff pointed that out to his supervisor he was told to bring it anyway. *Id.* As Plaintiff tried to drive it, the brakes jammed and caused him to run into the wall. *Id.* He alleges that he was only following his supervisor's orders by driving the defective K-Loader. *Id.*

The EEOC issued a determination after its investigation of Plaintiff's discrimination claim. ECF 15-1 at 14-15. The report investigated Plaintiff's assertion that a white, female, non-Muslim employee had sustained infractions including damaging equipment and injuring other employees, but had not been discharged. *Id.* The EEOC found that assertion to be true, and therefore found "reasonable cause to believe Charging Party was discharged based on his race, sex, and religion." *Id.*

In his instant Complaint, in addition to the claims relating to his discharge, Plaintiff asserts that Amazon "denied him a religious accommodation to practice his religion" by not "always" accommodating "his ability to pray during breaks." ECF 4 ¶ 11. Amazon alleges that such religious accommodation claims were not administratively exhausted via the EEOC charge Plaintiff filed. ECF 7-1.

Although administrative exhaustion is not jurisdictional, "a rule may be mandatory without being jurisdictional, and Title VII's charge-filing requirement fits that bill." *Ft. Bend Cty. v. Davis*, 139 S. Ct. 1843, 1852 (2019). Thus, if administrative exhaustion is raised and its assertion is

meritorious, dismissal may be warranted under Rule 12(b)(6). *See Kenion v. Skanska USA Bldg., Inc.*, Civ. No. RDB-18-3344, 2019 WL 4393296, at *4 (D. Md. Sept. 13, 2019) (discussing *Davis*).

Administrative exhaustion is designed to facilitate the twin goals of "protecting agency authority in the administrative process and promoting efficiency in the resolution of claims." *Stewart v. Iancu*, 912 F.3d 693, 699 (4th Cir. 2019) (internal quotation marks and alterations omitted); *see also Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406-07 (4th Cir. 2013). To further those objectives, courts generally limit the scope of a plaintiff's subsequent federal lawsuit to the parties and claims named in the administrative charge. *See* 42 U.S.C. § 2000e–5(f)(1); *Sydnor v. Fairfax Cty.*, 681 F.3d 591, 593 (4th Cir. 2012); *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996). "[W]hen the claims in [the] court complaint are broader than 'the allegation of a discrete act or acts in [the] administrative charge,' they are procedurally barred." *Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 306 (4th Cir. 2019) (quoting *Chacko v. Patuxent Institution*, 429 F.3d 505, 508 (4th Cir. 2005)); *see also Chacko*, 429 F.3d at 506 ("a plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit.").

However, courts liberally construe EEOC charges because they are often filed by self-represented plaintiffs. *Chacko*, 429 F.3d at 509; *see Sydnor*, 681 F.3d at 594 ("[T]he exhaustion requirement should not become a tripwire for hapless plaintiffs."). Federal courts are therefore not strictly confined to the claims presented to the EEOC but may also hear claims "reasonably related" to the plaintiff's EEOC charge that "'can be expected to follow from a reasonable administrative investigation[.]'" *Sydnor*, 681 F.3d at 594 (quoting *Smith v. First Union Nat. Bank*, 202 F.3d 234, 247 (4th Cir. 2000)); *see also Stewart*, 912 F.3d at 705; *Miles v. Dell, Inc.*, 429 F.3d

3

480, 491 (4th Cir. 2005) (noting that EEOC charge "does not strictly limit a . . . suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." (quoting *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002))); *see also Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981) (finding that plaintiff exhausted administrative remedies where EEOC charge and complaint detailed different retaliatory conduct perpetrated by the same actor).

Despite Plaintiff's best efforts to link the two sets of claims, the religious accommodation claims simply are not referenced anywhere in any of the EEOC paperwork and bear no relationship to the accident-related claims in his charge. All of the EEOC paperwork unambiguously asserts that the discrimination occurred on a single date, the date of the accident. ECF 15-1 at 7, 9, 12. There is no reference to any prior interaction between Plaintiff and any supervisors relating to his religion at all. The EEOC's determination corroborates this reading, as it addresses only the allegations Plaintiff made in his charge: that he received harsher punishment for the accident than employees of other races, genders, and religions. ECF 15-1 at 14-15. Plaintiff attempts to rely on the fact that he checked "working conditions" as an issue associated with his complaint. ECF 15 at 4. But in its most general sense, every employment discrimination claim deals in some way with "working conditions," and that generic phrase cannot be read as expansively as Plaintiff suggests without nullifying the purpose of administrative exhaustion. Plaintiff had the opportunity, certainly in his narrative description of his complaints, to address claims relating to his supervisors' ongoing treatment of his religion or his desire to pray during breaks, but he made no mention of those complaints. Because religious accommodation claims simply were not within

4

the EEOC charge that Plaintiff filed and were not a part of the EEOC's investigation of that charge, they must be dismissed for failure to administratively exhaust them.

Accordingly, Amazon's motion must be granted, and Plaintiff's religious accommodation claims must be dismissed. His discharge-related claims will proceed to discovery. A separate order follows.

Dated: August 16, 2022                                      /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge